UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOHAMED FATHY SAID,

    Plaintiff,

v.                                          Case No. 8:22-cv-1498-WFJ-AEP

EGYPTIAN EMBASSY, et al,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on the following motions filed by Plaintiff: Motion to Proceed *in forma pauperis* (Doc. 2); Motion to Dismiss Complaint as Incomplete and to retain evidence and documents to use it on the new complaint (Doc. 6); Motion to Withdraw Motion to Dismiss (Doc. 9); and Motion to Amend Complaint (Doc. 10). Plaintiff, who proceeds *pro se*, filed a form civil complaint (Doc. 1) against the "Egyptian Ministry of Interior" and numerous other foreign and domestic defendants, including the "Bader Police Station" in Cairo, Egypt, the "Egyptian National Security Sector," the "Egyptian Embassy in Washington D.C.," "Pizza Hut in Alexandria," Egypt, the "Pizza Hut Corporate Office" in Plano Texas, the United States Departments of Treasury and Justice, and the "U.S. Congress House of Representatives" (Doc. 1).

Pursuant to 28 U.S.C. § 1914, the clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court to pay a filing

fee. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, however, a court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1).

When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (per curiam) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). Namely, dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Further, an action is frivolous where the allegations lack an arguable basis either in law or in fact. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citations omitted).

District courts maintain broad discretion in determining whether to grant or

deny an application to proceed *in forma pauperis*. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam). Additionally, in reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally.[1] *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). To state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3).

Here, Plaintiff's Complaint suffers from several deficiencies. Most notably, Plaintiff's Complaint lacks sufficient facts from which a cognizable federal cause of action can be inferred, and his allegations appear baseless, delusional, and without an arguable basis either in law or in fact. Plaintiff's Complaint does not contain factual allegations providing the Court with enough information to determine whether the Court may maintain jurisdiction over this matter or whether Plaintiff can state a viable claim.

---

[1] Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* in this District must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules.") (citation and internal quotation marks omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

With respect to jurisdiction, Plaintiff fails to properly allege that the claims arise under federal question jurisdiction resulting from actions violating any provision of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Plaintiff indicates that Defendants violated 18 U.S.C. § 241 (Doc. 1, at 3). Notably, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "The government, not private citizens, prosecutes crimes." *Williams v. Univ. of Ala. Hosp. at Birmingham*, 353 F. App'x 397, 398 (11th Cir. 2009); *cf. Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution"). Accordingly, Plaintiff lacks standing to bring claims under and cannot establish jurisdiction based upon criminal statutes. *See Gibson v. Gains*, No. 05-15997, 2006 WL 858336, at *3 (11th Cir. Apr. 4, 2006) ("Therefore, to the extent that Gibson raises criminal allegations against the defendants, Gibson lacks standing to raise such claims and the district court properly dismissed them.").

Additionally, Plaintiff brings this action against the United States Government.[2] The United States is a sovereign and is immune from suit unless it has expressly waived such immunity and consented to be sued. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 32 (1992); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.") (citations omitted); *Goodnow v. Third Cong. Dist. of Fla.*, 2021

---

[2] The United States Department of Justice, Department of Treasury, House of Representatives, and Bureau for Legislative and Public Affairs are all named Defendants.

WL 2942440, at *1 (N.D. Fla. June 29, 2021) ("[S]overeign immunity extends to the United States Congress when it is sued as a branch of government.") (citations omitted); *Taylor v. Mnuchin*, 2019 WL 5727443, at *2 n.4 (N.D. Ala. Nov. 5, 2019) (finding that sovereign immunity precluded suit against the United States Department of the Treasury). Waiver of sovereign immunity is a prerequisite to subject matter jurisdiction in this Court. *United States v. Sherwood*, 312 U.S. 584, (1941). Despite this well-established jurisprudence, Plaintiff fails to show that the U.S. Government Defendants are not immune from suit here. *Valle v. McDermed*, 2015 WL 5720436, at *5 (M.D. Fla. Sept. 22, 2015) (finding that amending a complaint was futile where immunity was implicated).

The allegations in the Complaint also fail to contain sufficient facts to demonstrate whether Plaintiff can assert a viable claim in this action. Plaintiff attaches to the Complaint multiple documents containing long narratives, including a "Statement of Claim," "Relief," and "Legal Memorandum" (Doc. 1). The pages attached to the claim form contain rambling narrative of events going back to 2013 relating to investments, property and contract disputes, government corruption, harassment, physical attacks, kidnapping attempts, immigration matters, "arbitrary political rulings," and "[t]he driver Ehab, who wears glasses and is one of the most dangerous drivers." Plaintiff seeks damages of $150 million and other relief (Doc. 1, at 4, 18-21).

Even construing Plaintiff's allegations liberally, Plaintiff fails to state a claim for which relief may be granted. Plaintiff fails to allege what laws or constitutional

provisions were violated or how they were contravened. Plaintiff also fails to indicate which Defendants are responsible for any alleged violations or any other factual allegations that establish Plaintiff's entitlement to relief in this forum.

Moreover, Plaintiff has filed a series of other lawsuits in this District,[3] including a nearly identical lawsuit that was dismissed with prejudice.[4] It is well settled that a plaintiff "may not file duplicative complaints in order to expand their legal rights." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (citation and quotation marks omitted). Although the dismissed case was filed after the instant case, it was dismissed and closed before Plaintiff filed the Motion to Withdraw the Motion to Dismiss (Doc. 9). Since then, Plaintiff has moved to file an Amended Complaint (Doc. 10). However, the proposed Amended Complaint suffers from the same, if not more, deficiencies as the original Complaint in this case and in the other dismissed case. The proposed Amended Complaint alleges a higher amount in controversy ($470,197,000.00) and adds the U.S. Department of State as a Defendant (Doc. 10),[5] making it identical to the case dismissed by U.S. District Judge Thomas Barber (*see Said v. Egyptian Ministry of Interior, et al*, Case No. 8:22-cv-01532-TPB-SPF (Doc. 1)).

---

[3] *Said v. Ministry of Interior et al*, Case No. 8:21-cv-01073-WFJ-CPT (consolidating the following Case Nos.: 8:21-cv-01075; 8:21-cv-01076; 8:21-cv-01077; 8:21-cv-01079; 8:21-cv-01080); *Said v. United States Department of Foreign Affairs*, 8:21-cv-01074-MSS-TGW; *Said v. United States Department of Foreign Affairs*, 8:21-cv-01078-MSS-JSS; *Said v. Egyptian Ministry of Interior, et al*, Case No. 8:22-cv-01532-TPB-SPF
[4] *Said v. Egyptian Ministry of Interior, et al*, Case No. 8:22-cv-01532-TPB-SPF
[5] Plaintiff alleges that the proposed Amended Complaint amends the request from a jury trial to a non-jury trial (Doc. 10, at 1), however, the original Complaint requested a non-jury trial (*see* Doc. 1, at 1).

Although *pro se* pleadings are entitled to liberal construction, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018), there is no way to liberally or fairly construe Plaintiff's allegations to support any valid legal claim that should be heard by the Court. Instead, the complaint consists of "a rambling series of incomprehensible allegations." *See Beekman v. Fed. Home Loan Mortg. Corp.*, No. 16-81477-CIV-MARRA, 2017 WL 7733274, at *2 (S.D. Fla. Nov. 2, 2017) (internal quotation omitted). Accordingly, the Plaintiff's Motion to proceed *in forma pauperis* should be denied and it should be noted that Plaintiff has failed to present any justiciable and non-frivolous claim and a nearly identical cause of action has already been dismissed in this District. Any further attempts to amend would be futile given Plaintiff's repeated inability to prosecute his case with any level of clarity. Therefore, because Plaintiff's complaint is "wholly insubstantial, unintelligible and frivolous," leave to amend would be futile. *See Banks v. Pompeo*, No. 2:19-cv-755, 2019 WL 11477403, at *2 (M.D. Fla. Dec. 11, 2019), *report and recommendation adopted*, 2019 WL 11478072 (M.D. Fla. Dec. 30, 2019). Based on the foregoing, the undersigned recommends that the Court deny Plaintiff's Motion to proceed *in forma pauperis*, deny Plaintiff's Motion to Amend the Complaint, and deny as moot the remaining motions.[6]

---

[6] Rule 15 says that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite this generally permissive approach, a district court need not grant leave to amend where (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed"; (2) "allowing amendment would cause undue prejudice to the opposing party"; or (3) the "amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2) and Plaintiff's Motion to Amend Complaint (Doc. 10) be DENIED.

2. Plaintiff be directed to pay the court filing fee within 14 days of the court's order denying Plaintiff's Motion to proceed *in forma pauperis* and put Plaintiff on notice that a failure to pay the court filing fee will result in the dismissal of the Plaintiff's Complaint with prejudice.

3. Plaintiff's Motion to Dismiss Complaint as Incomplete and to retain evidence and documents to use it on the new complaint (Doc. 6) and Motion to Withdraw Motion to Dismiss (Doc. 9) be DENIED AS MOOT.

4. The Clerk be directed to close the case.

IT IS SO REPORTED in Tampa, Florida, this 28th day of October, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**


cc:   Hon. William F. Jung
      Plaintiff, *pro se*